UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 2 7 2018
Clerk, U S District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Quincy Magee, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 17-2842 (UNA) |
| The Walt Disney Company *et al.*, | ) ) ) |
| Defendants. | ) |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions

. . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Plaintiff purports to sue the Walt Disney Company and Harvard University. The assortment of documents comprising the complaint fails to provide any notice of a claim and the basis of federal court jurisdiction. Aside from the pleading defect, this action appears to be brought by "Renaissance Media Productions," Compl. Caption, which, as an "artificial entity, . . . cannot proceed in federal court without counsel." *Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 38 (D.D.C. 2007) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993)). As a result, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

DATE: February 26, 2018

United States District Judge